**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000082
24-DEC-2024
08:11 AM
Dkt. 101 SO**

NO. CAAP-24-0000082

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


SIERRA CLUB, Appellant-Appellant, v.
BOARD OF LAND AND NATURAL RESOURCES,
ALEXANDER & AND BALDWIN, INC.,
EAST MAUI IRRIGATION COMPANY, LLC, and
COUNTY OF MAUI, Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-22-0000794)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and Nakasone, JJ.)

Appellant-Appellant Sierra Club appeals from the January 29, 2024 Final Judgment entered in favor of Appellees-Appellees Board of Land and Natural Resources (**BLNR**), Alexander and Baldwin, Inc. (**A&B**), East Maui Irrigation Company, LLC (**EMI**), and County of Maui (**County**), by the Environmental Court of the First Circuit (**Environmental Court**).[1]  Sierra Club also challenges the Environmental Court's:  (1) March 31, 2023 "Opinion on Appeal"; and (2) January 22, 2024 "Order Denying . . . Sierra Club's Motion for Reconsideration of Opinion On Appeal, Filed April 3, 2023 [Dkt. 1408], Second Motion for Reconsideration of Opinion on Appeal, Filed August 14, 2023 [Dkt. 1422], and Third Motion for Reconsideration of Opinion on Appeal, Filed August 24, 2023 [Dkt. 1428]."

We recently summarized the background of this litigation in Sierra Club v. Bd. of Land & Nat. Res. (Sierra Club

---

[1]    The Honorable Jeffrey P. Crabtree presided.

I), 154 Hawai'i 264, 550 P.3d 230 (App. 2024), cert. granted, No. SCWC-22-0000516, 2024 WL 3378462 (Haw. July 11, 2024).  Relevant to this appeal, BLNR held a contested case hearing on whether four one-year revocable permits (**Permits**) authorizing A&B and EMI to divert water from streams in East Maui to Central and Upcountry Maui should be continued for the years 2021 and 2022. On June 30, 2022, BLNR entered its "Findings of Fact, Conclusions of Law, and Decision and Order" (**2022 Decision and Order**),[2] which continued the four Permits subject to twenty-three conditions. On July 7, 2022, Sierra Club appealed from the 2022 Decision and Order to the Environmental Court.  After briefing, a hearing, and further briefing, the Environmental Court entered the Opinion on Appeal, in which the court concluded that the appeal was moot and "the court should not decide it under a 'capable of repetition but evading review' theory."

In this secondary appeal, Sierra Club contends that the Environmental Court erred in:  (1) "concluding that the Sierra Club's appeal is moot and that none of the exceptions to the mootness doctrine apply"; and (2) "not vacating BLNR's flawed decision and not granting the Sierra Club's appeal[,]" based on several errors made by BLNR.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Sierra Club's contentions as follows.

Under Hawai'i law, mootness is an issue of justiciability.  See State v. Hewitt, 153 Hawai'i 33, 42, 526 P.3d 558, 567 (2023).  The mootness doctrine applies "where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised."  Hamilton ex rel. Lethem v. Lethem, 119 Hawai'i 1, 5, 193 P.3d 839, 843 (2008).

---

[2]    The 2022 Decision and Order, dated June 28, 2022, was filed and served on June 30, 2022, and corrected on July 11, 2022.

None of the parties dispute that this case is moot. Indeed, Sierra Club asserts in its answering brief that "[a]ll parties agree that this case is moot."[3/] It is. The Environmental Court correctly found:

> A.     This appeal involves the BLNR's 2022 [Decision and Order] for revocable permits for the east Maui streams.
>
> B.     The BLNR's 2022 [Decision and Order] was not issued until June 30, 2022. Since the revocable permits are good for the calendar year, the June 2022 [Decision and Order] had a shelf-life of 6 months.
>
> C.     The Certified Record on Appeal was not assembled until August 16, 2022. Sierra Club's Opening Brief was filed October 11, 2022. [A&B]/EMI's Answering Brief was filed November 21, 2022. The BLNR's Answering Brief was filed December 1, 2022. Sierra Club's Reply Briefs were filed December 5, 2022, and December 8, 2022. The court hearing did not take place until February 1, 2023. Supplemental briefs were filed in February and March, 2023.
>
> D.     In the meantime, the new revocable permits for calendar year 2023 were apparently issued. Further, in late 2022, the BLNR denied Sierra Club's request for a contested case hearing on the revocable permits for 2023. That decision has been appealed and the Sierra Club's Opening Brief has been filed . . . . Barring unforeseen circumstances, briefing should be completed and a court hearing scheduled in May or June, 2023. Bottom line: the court is being asked to issue a ruling on 2022 permits which are no longer in effect and when an appeal is pending on the replacement 2023 permits.

(Record citations omitted.)

Although Sierra Club agrees that the case is moot, it argues that the Environmental Court erred in concluding that none of the exceptions to the mootness doctrine apply in these circumstances.

In Sierra Club I, we addressed issues related to the same Permits, including whether the Environmental Court erred by concluding that a contested case hearing was required to continue the Permits and by modifying the conditions under which BLNR continued the Permits. Sierra Club I, 154 Hawaiʻi at 275, 550 P.3d at 241. We ruled in part:

> It seems that most of the issues presented by these appeals (except for the award of attorneys fees and costs)

---

[3/]     We note that the County filed a statement of non-filing of an answering brief, asserting that the County "has no position as to Sierra Club's points of error and arguments . . . ."

> are moot.  BLNR complied with the Environmental Court's
> Interim Decision, conducted a contested case hearing, and
> approved the continuation of the Permits for 2021 (and
> 2022).  Sierra Club's secondary appeal is pending as No.
> CAAP-24-0000082.  The 2021 continuation period has ended.
> But "mootness is an issue of justiciability, not an issue of
> subject matter jurisdiction."  The "capable of repetition,
> yet evading review" and "public interest" exceptions to the
> mootness doctrine apply here, for the reasons explained in
> Carmichael [v. Bd. of Land & Nat. Res.], 150 Hawaiʻi [547,]
> 560-62, 506 P.3d [211,] 224-26[ (2022)].

Id. at 276, 550 P.3d at 242 (citation omitted).

We reach the same conclusion in this case.  BLNR argues that the 2021 and 2022 continuation periods have ended, and BLNR issued one (rather than four) revocable permits in 2024 subject to new terms and conditions, such that the challenged BLNR actions are not capable of repetition.  The supreme court rejected similar arguments in Carmichael, stating:  "BLNR's continuation decisions for revocable permits apply for only one calendar year at a time, those decisions 'evade full review' and no plaintiff would be able to complete a lawsuit seeking to void the continuation of a permit before the continuation itself expired."  150 Hawaiʻi at 561, 506 P.3d at 225 (citing Hamilton, 119 Hawaiʻi at 5, 193 P.3d at 843).  For the reasons explained in Carmichael, the capable of repetition, yet evading review and public interest exceptions to the mootness doctrine apply here.  The Environmental Court thus erred in "denying [Sierra Club's] appeal because it is moot."

Sierra Club next asks this court to address the merits of its appeal rather than remand this case to the Environmental Court for that purpose.  We will not do so.  Our review of a decision made by the Environmental Court upon its review of BLNR's decision is a secondary appeal.  Primary review is by the Environmental Court.  See HRS § 91-14(b),(g); Hamilton, 119 Hawaiʻi at 2, 193 P.3d at 840.

For the reasons discussed above, we vacate the January 29, 2024 Final Judgment and the March 31, 2023 Opinion on Appeal, entered by the Environmental Court of the First Circuit. The case is remanded to the Environmental Court for further proceedings consistent with this Summary Disposition Order.

It is further ordered that the July 24, 2024 motion for judicial notice filed by A&B and EMI, and the December 12, 2024 motion for retention or oral argument filed by Sierra Club, are denied.

DATED:  Honolulu, Hawaiʻi, December 24, 2024.

On the briefs:

David Kimo Frankel
for Appellant-Appellant.

/s/ Katherine G. Leonard
Acting Chief Judge

Julie H. China and
Melissa D. Goldman,
Deputies Attorney General,
for Appellee-Appellee
Board of Land and Natural
Resources, State of Hawaiʻi.

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

Trisha H.S.T. Akagi
(Cades Schutte)
for Appellee-Appellee
Alexander & Baldwin, Inc., and
East Maui Irrigation Company,
LLC.